Case 79—Petition Equity—January 21.

## Ralston v. Moore, &c.

### appeal from barren circuit court.

1. Mortgage—Mistake in Certificate Corrected.—Where the clerk, in writing out the certificate to a mortgage which has been acknowledged before a deputy, fails to set forth the facts and include the indorsement made on the mortgage by the deputy, the mistake may be corrected.

2. Curative Statute.—The act of May 10, 1884, cures such defective certificates, but that act can not affect a judgment rendered prior to its passage.

W. L. PORTER for appellant.

1. In an action to enforce a mortgage lien, to entitle husband and wife to claim a homestead in the mortgaged property, they must allege specifically that they are *bona fide* housekeepers in this State, and reside upon the land in which they claim a homestead. (General Statutes, article 3, section 16, page 434.)

2. The clerk's certificate of the acknowledgment of a mortgage is merely a matter of evidence, and a mistake therein should not be allowed to prejudice the rights of the parties, and should at any time, in furtherance of justice, be corrected. (Lyne v. Bank of Kentucky. 5 J. J. Marsh., 558; General Statutes, section 17, chapter 81, page 684; Worley v. Tuggles, &c., 4 Bush, 168.)

W. P. D. BUSH on same side.

1. In the absence of any evidence that the value of the mortgaged

property was less than one hundred dollars, it was error to adjudge that appellant's mortgage gave him no lien.

2. The act of May 10, 1884, cured the defect in the clerk's certificate of acknowledgment.

BOTTS & HILL and A. DUVALL for appellees.

Briefs not in record.

JUDGE PRYOR delivered the opinion of the court.

This action was instituted by the appellant to enforce a mortgage lien executed by the appellees, Moore and wife, on several tracts of land.

The mortgage was acknowledged before a deputy clerk, and recorded in December, 1875. The defendants claim a homestead in the land, and rely upon a defective certificate annexed to the deed, and recorded with it, as sustaining their defense.

The evidence or certificate of acknowledgment was made by J. M. Renfro, D. C., for J. P. Nuckols, in these words: "1875, Nov. 30; acknowledged by E. Moore and wife. J. M. Renfro, D. C., for J. P. Nuckols, C. B. C. C."

This indorsement is on the back of the mortgage, and was there when the principal clerk wrote out the certificate, but failed in the certificate to set forth the facts, and include in the certificate the indorsement made on the mortgage by the deputy, and that said deputy failed to write out the certificate of acknowledgment himself.

The appellant, the mortgagee, for reply to the answer setting up the defense, alleged that the failure to insert the memorandum of acknowledgment made by the deputy was a mistake on the part of the clerk, and asked that it might be corrected. The

mistake is clearly shown by the clerk, and, in fact, the indorsement was on the mortgage when recorded by the clerk. That it was acknowledged by the husband and wife is evident, and the oversight of the clerk is alone relied on to defeat the mortgage lien.

Here is something to amend by, and that of itself shows the mistake. The clerk is not attempting to supply words omitted from his own certificate, necessary to make the mortgage valid as to the wife, but has said that I failed to copy that which appeared on the face of the writing, and which was made my duty to make part of my certificate when I recorded the instrument. We perceive no reason why such a mistake should not be corrected; in fact, the statute provides that the certificate of the officer shall not be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer. The clerk is not contradicting his own certificate by showing that he did something more than appears from the record, but the appellant is made to lose his lien because the clerk failed to insert in his certificate that which was indorsed on the mortgage when he entered it of record.

The mistake is as plain as if he had omitted from the record the name of one of the grantors or the grantee. The mistake appears upon the instrument itself, and we see no reason why it should not be corrected. The act of May 10, 1884, cured such defective certificates, but this cannot affect proceedings instituted in 1882, with a judgment prior to

the passage of the act; nor was there anything in the record showing that the lands were worth less than one thousand dollars, and for that reason the judgment should be reversed. On the return of the cause, nothing else appearing in the case, a judgment should be entered enforcing the lien.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.